IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


SANTIAGO A. KENT,                                        Civ. No. 6:25-cv-1747-AA

                     Plaintiff,                      **OPINION & ORDER**

           v.

SAFEWAY INC., a private corporation
doing business in Oregon, and ALBERSTONS
COMPANIES, INC., a private corporation
doing business in Oregon,

                     Defendants.
_____

AIKEN, District Judge.

     This case comes before the Court on Plaintiff' Santiago Kent's ("Plaintiff")

Motion to Compel and Motion for Imposition of Sanctions, ECF No. 23. The Motions

are DENIED.

## DISCUSSION

     Local Rule 7-1(a)(1) requires parties to make "a good faith effort through

personal or telephone conferences to resolve the dispute" prior to filing a motion. LR

7-1(a)(1). Any motion must certify such conferral took place, except for certain

enumerated exceptions. *Id.* "The Court may deny any motion that fails to meet this

certification requirement." LR 7-1(a)(3).


Page 1 –OPINION & ORDER

Regarding discovery disputes, Local Rule 26-3(g) states that "The Court will deny any discovery motion that does not contain the certification required by LR 7-1(a)." LR 26-3(g).

The Court's Case Management Order, ECF No. 5, states

"Judge Aiken does not permit motions to compel without leave. If the parties need the Court's assistance resolving a discovery dispute, they should (1) request a telephonic status conference and (2) submit a joint letter of no longer than five pages, filed at least five days before the telephonic status conference, setting out their respective positions. Judge Aiken will order the filing a formal motion and briefs only if necessary following the telephonic status conference."

ECF. No 5 at 2.

Plaintiff states that "On March 10, 2026, I sent a written meet-and-confer email to Defendants' counsel pursuant to FRCP 37(a)(1) and LR 7-1(a)." Kent Decl., ECF No. 23 ¶ 5. In the first paragraph of the Motion to Compel, Plaintiff states that

"Plaintiff certifies that he made a good-faith effort to confer with Defendants regarding the deficiencies in their responses, including a detailed written meet-and-confer email on March 10, 2026, Defendants' written response on March 15, 2026, and additional correspondence. Despite these efforts, the parties were unable to resolve the dispute."

Mot. Compel at 1.

Plaintiff filed a Reply in support of his motion in which he states "I have complied with LR 7-1(a) and FRCP 37(a)(1) to the fullest extent possible as of the date of this filing. I intend to send a final 48-hour conferral email on April 23, 2026." ECF No. 30 at 3.

Approximately one month after filing his Motions, Plaintiff requested a "Telephonic Discovery Conference." ECF No. 29.

Page 2 –OPINION & ORDER

Further, Plaintiff has filed additional paper, including a "Supplemental Exhibit [ ] submitted pursuant to Fed. R. Civ. P. 37(a)(1) and LR 7-1(a) . . . offered to document Plaintiff's final good-faith conferral efforts prior to seeking further relief from the Court." ECF No. 32 at 2. The Exhibit is an email and an attachment to an email. ECF No. 32-2.

To begin, Plaintiff did not seek leave of the Court before filing his discovery motion, nor did he request a telephonic status conference. Therefore, Plaintiff's motion was filed in violation of the Court's case management order. Plaintiff's attempt to cure this by requesting a conference several weeks after filing is unavailing.

Second, Plaintiff's filings make clear that his attempts to comply with Local Rule 7-1 were done entirely by email. Email is not a "personal or telephone conference[]." Therefore, Plaintiff's good faith conferral certification is inaccurate and deficient in its compliance with the rules of this District. Plaintiff protests that he "complied with LR 7-1(a) . . . to the fullest extent possible." But his own filings make clear that he continues to use email for conferral, which is clearly non-compliant with the requirement.

Pursuant to Local Rules 7-1(a)(3) and 26-3(g), as well as this Court's case management order, Plaintiff's motions are DENIED.

Page 3 –OPINION & ORDER

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel and Motion for Imposition of Sanctions, ECF No. 23, are DENIED.  The Court will set a telephone status conference with the parties to discuss the discovery dispute.

It is so ORDERED and DATED this ____24th____ day of  April, 2026.


         /s/Ann Aiken
         ANN AIKEN
         United States District Judge